UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WESLEY LEON MUSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00198-TWP-DML |
| ) | |
| CLARK COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

**Order Screening and Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court for screening of *pro se* Plaintiff Wesley Musser's ("Mr. Musser") Complaint. (Dkt. 1). Mr. Musser, an inmate at the Clark County Jail, has filed a Complaint under 42 U.S.C. § 1983. Because he is incarcerated, this Court must screen Mr. Musser's Complaint before service on the defendant. 28 U.S.C. § 1915A(a).

**I.      Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the Complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* Complaints, such as the one filed by Mr. Musser, are construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Musser names the Clark County Jail as the sole defendant. He alleges that his constitutional rights have been violated for the following reasons:

- On September 5, 2021, a female officer was fidgeting with the Velcro smock Mr. Musser was wearing when it fell open and exposed his naked body in front of others.
- He has been subjected to unsanitary conditions of confinement by being placed in a cell with no toilet where he has seen a mouse and flies.
- For the first four months of his incarceration, he received inadequate medical care for serious mental health issues.
- Due to his mental health issues and overpopulation in the jail, he was placed in segregation and has not been afforded recreation time or access to commissary.

(Dkt. 1).

## III. Discussion

Mr. Musser's Complaint raises potential conditions-of-confinement and medical care claims. But as presented, his complaint must be **dismissed** for failure to state a claim upon which relief may be granted. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Here, the only named defendant is the Clark County Jail, a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity."). Because Mr. Musser doesn't name any individuals responsible for these alleged deprivations, his complaint states no claim for relief.

The dismissal of the complaint will not lead to the immediate dismissal of the action. Instead, Mr. Musser shall have **through January 31, 2022,** to file an amended complaint. *See*

*Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

Any amended complaint should have the proper case number, 4:21-cv-00198-TWP-DML and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Musser wishes to pursue in this action. Mr. Musser should also clarify in his amended complaint whether he is a pretrial detainee at the jail or a convicted prisoner. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### IV. Conclusion

Mr. Musser's Complaint is dismissed for the foregoing reasons. He has **through January 31, 2022**, in which to file an Amended Complaint. Failure to do so will result in the dismissal of this action without further notice.

**The clerk is directed** to include a complaint form with Mr. Musser's copy of this Order.

**IT IS SO ORDERED.**

Date:   12/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY LEON MUSSER
30474
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130